IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEAMFITTERS & PLUMBERS LOCAL UNION 464; STEAMFITTERS & PLUMBERS LOCAL UNION 464 WELFARE FUND; STEAMFITTERS & PLUMBERS LOCAL UNION 464 PENSION PLAN; STEAMFITTERS & PLUMBERS LOCAL UNION 464 401(K) PLAN; STEAMFITTERS & PLUMBERS LOCAL UNION 464 VACATION FUND; STEAMFITTERS & PLUMBERS LOCAL UNION 464 EDUCATIONAL TRUST FUND; NATIONAL PENSION FUND; INTERNATIONAL TRAINING FUND; LOCAL LABOR MANAGEMENT COOPERATION COMMITTEE; AND MECHANICAL CONTRACTORS ASSOCIATION OF OMAHA, | |
| Plaintiffs, | Case No: 8:20-cv-511 |
| v. | |
| SOUTHWEST COMFORT, INC.<br>Serve:  Registered Agent<br>       Thomas R. Smith<br>       12085 Elmwood Drive<br>       Bennington, Nebraska 68007 | |
| Defendant. | |

**COMPLAINT**

Plaintiffs, for their causes of action against Defendant Southwest Comfort, Inc. state as follows:

**PLAINTIFFS' REQUEST FOR PLACE OF TRIAL**

1. Pursuant to District of Nebraska Rule 40.1(b), Plaintiffs hereby request that trial in this matter be held in Omaha, Nebraska.

2. This is an action brought pursuant to § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a) for breach of a labor agreement, and pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect fringe benefit contributions from the Defendant due and owing to the Plaintiffs.

## NATURE OF THE CASE

3. This Complaint brings an action to collect delinquent dues and fringe benefit contributions from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and pursuant to the collective bargaining agreement (hereinafter "CBA") with Plaintiff Steamfitters & Plumbers Local Union 464 (hereinafter "Local 464").

## PARTIES

4. Plaintiff Local 464 is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a), and is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

5. Plaintiff Steamfitters & Plumbers Local Union 464 Welfare Fund (hereinafter "the Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Welfare Fund maintains its principal place of administration at 3930 South 147th Street, Suite 100, Omaha, Nebraska 68144-5569, which is located within the territorial boundaries of the District of Nebraska.

6. Plaintiff Steamfitters & Plumbers Local Union 464 Pension Plan (hereinafter "the Pension Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Plan

maintains its principal place of administration at 3930 South 147th Street, Suite 100, Omaha, Nebraska 68144-5569, which is located within the territorial boundaries of the District of Nebraska.

7. Plaintiff Steamfitters & Plumbers Local Union 464 401(k) Plan (hereinafter "the 401(k) Plan") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The 401(k) Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The 401(k) Plan maintains its principal place of administration at 3930 South 147th Street, Suite 100, Omaha, Nebraska 68144-5569, which is located within the territorial boundaries of the District of Nebraska.

8. Plaintiff Steamfitters & Plumbers Local Union 464 Vacation Fund (hereinafter "the Vacation Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Vacation Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Vacation Fund maintains its principal place of administration at 3375 Oak View Drive, Omaha, Nebraska 68144, which is located within the territorial boundaries of the District of Nebraska.

9. Plaintiff Steamfitters & Plumbers Local Union 464 Educational Trust Fund (hereinafter "Educational Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Educational Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Educational Fund maintains its principal place of administration at 3375 Oak View Drive, Omaha, Nebraska 68144, which is located within the territorial boundaries of the District of Nebraska.

10. Plaintiff International Training Fund (hereinafter "ITF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The ITF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The ITF maintains its principal place of administration at 103 Oronoco Street, Alexandria, Virginia 22314.

11. Plaintiff National Pension Fund (hereinafter "National Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The National Pension Fund is a legal entity

that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The National Pension Fund maintains its principal place of administration at 103 Oronoco Street, Alexandria, Virginia 22314.

12. Plaintiffs Welfare Fund, Pension Plan, Vacation Fund, Educational Fund, ITF, and National Pension Fund (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37) and have been established and are maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

13. Plaintiff Steamfitters & Plumbers Local Union 464 Labor Management Cooperation Committee (hereinafter "LMCC") is an "industrywide labor management committee" within the meaning of § 302(c)(9) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(9) and maintains its principal place of business at 3375 Oak View Drive, Omaha, Nebraska 68144, which is located within the territorial boundaries of the District of Nebraska. The LMCC is a legal entity that may sue or be sued.

14. Plaintiff Mechanical Contractors Association of Omaha (hereinafter "MCA") is an employer association that jointly maintains and collects contributions to an Industry Development Fund (hereinafter "IDF") with Plaintiff Local 464. Plaintiff MCA maintains its principal place of business located at 7651 Main Street, Suite 408, Omaha, NE 68127-1406, which is located within the territorial boundaries of the District of Nebraska. Plaintiff MCA is a legal entity that may sue or be sued.

15. Defendant Southwest Comfort, Inc. (hereinafter "Southwest") is an inactive Domestic Corporation pursuant to the laws of the State of Nebraska located at 13445 Rainwood Rd, Omaha, Nebraska 68142, and may be served at the office of its registered agent and owner, Thomas R. Smith, 12085 Elmwood Drive, Bennington, Nebraska 68007. Defendant Southwest is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

16. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

17. Venue is appropriate in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because Plaintiffs Local 464, Welfare Fund, Pension Plan, 401(k) Plan, Vacation Fund, Educational Fund, ITF, National Pension Fund, LMCC, and MCA are administered and/or operate in the State of Nebraska, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Nebraska.

## CAUSE OF ACTION

18. Plaintiffs restate and incorporate herein Paragraphs 1 through 17.

19. Defendant Southwest is a party to a CBA with Plaintiff Local 464, and the CBA governs the terms and conditions of employment of all employees of Defendant Southwest performing work covered by the CBA. The CBA has been in effect at all times relevant to this action.

20. At all times relevant to this action, based upon information and belief, Defendant Southwest has employed and continues to employ individuals who perform work covered by the CBA with Local 464.

21. Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBA between Local 464 and Defendant.

22. Pursuant to the terms and conditions of the CBA, Defendant Southwest is required to report and pay contributions to Plaintiff Funds, which provide health, retirement, training, and other benefits to employees of contractors who are signatory to CBAs with Plaintiff Local 464, such as

Defendant Southwest. Defendant Southwest is required to pay said contributions to Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant Southwest's employees at the rates established for Plaintiff Funds in the CBA and Trust Agreements.

23. The CBA with Plaintiff Local 464 also requires that Defendant Southwest report and pay contributions each month to Plaintiffs MCA and Local 464 for IDF contributions based upon payroll hours worked at the rates specified in the CBA with Plaintiff Local 464.

24. The CBA with Plaintiff Local 464 also requires that Defendant Southwest report and pay contributions each month to Plaintiff LMCC based upon payroll hours worked at the rates specified in the CBA with Plaintiff Local 464.

25. The CBA requires that Defendant Southwest deduct dues from the wages of all covered employees based upon each payroll hour worked by such employees and then remit such deductions to Plaintiff Local 464. The work assessments are to be deducted and remitted monthly in accordance with the terms of an individual and written authorization for check-off of membership dues in a form permitted by § 302(c) of the LMRA, 29 U.S.C. § 186(c).

26. The CBA, which incorporates the Trust Agreements and duly-adopted rules of Plaintiff Funds and the terms of dues checkoff authorizations, requires that the payroll deductions and fringe benefit contributions to Plaintiffs described in paragraphs 22 to 25 above be made at the end of each month to a designated collection agent. Contributions and deductions not made by the 15th day of the following month are deemed delinquent.

27. On June 5, 2020, Plaintiffs sent the Defendant a formal demand letter requesting reports and payment of the delinquent contributions owed for the work months of March 2020 and April 2020, together with interest and liquidated damages. The Defendant failed to respond to this demand letter. Plaintiffs later learned that the Defendant subsequently remitted reports electronically for the work

months of March 2020, April 2020, and May 2020 without making payment of its delinquent contributions.

28. On September 16, 2020, Plaintiffs sent a second and updated demand letter to Defendant demanding the remittance and payment of all delinquent reports and contributions for the work months of March 2020 through August 2020. Defendant, however, failed and refused to respond to the demand for remittance reports and payment.

29. On September 30, 2020, Plaintiffs were able to contact Thomas Smith, the owner of the Defendant company. Smith claimed that he had not received the communications from Plaintiffs due to relocating his office from Omaha, Nebraska to Bennington, Nebraska. Plaintiffs therefore forwarded Smith a copy of the September 16th demand letter and requested that he respond by October 5, 2020. Plaintiffs did not receive a response to this letter by October 5, 2020, but did receive a subsequent communication from Smith promising payment, confirming that Smith received the prior September 16th letter.

30. Defendant Southwest failed to report and/or remit the contributions and the payroll deductions as required by the CBA with Local 464 and Trust Agreements for the months of March 2020, April 2020, May 2020, June 2020, July 2020, August 2020, September 2020, October 2020, and November 2020.

31. Pursuant to the CBA, upon default, Plaintiffs may institute legal action for all amounts due and owing to the Plaintiffs, including delinquent contributions, interest, liquidated damages, costs, and attorneys' fees as allowed by the CBA and ERISA, 29 U.S.C. §§ 1132 and 1145.

32. For the work months of March 2020 through May 2020, based upon reports Defendant itself submitted to Plaintiffs for said work months, Defendant is liable and indebted to Plaintiffs under the CBA in the principle sum of six thousand, two hundred dollars and twenty eight cents ($6,200.28).

33. For the work months of June 2020 to present, Defendant has not submitted to the Plaintiffs the requisite reports for said work months. Because Defendant has not submitted the requisite reports for these work months, Plaintiffs are unable to determine Defendant's indebtedness for these work months.

34. As a result of the Defendant's failure to report and/or pay Plaintiffs contributions due and owing for the period of March 2020 to the present, the Defendant is in breach of the CBA and, as such, is liable to Plaintiffs in the principle sum of *at least* six thousand, two hundred dollars and twenty eight cents ($6,200.28) as and for delinquent dues and contributions due and owing for the work months of March 2020 through the present. Defendant's liability to Plaintiffs will necessarily continue to grow as the Defendant continues to perform work covered by the CBA during the pendency of this action.

35. The CBA and 29 U.S.C. § 1132(g)(2)(B) provide that the Plaintiff Funds are entitled to recover all interest that accrues upon delinquent contributions owed to them at the prime rate plus two (2) percent. As a result, the Defendant is liable to said Plaintiff Funds in a yet to be determined amount as and for interest on the delinquent contribution due and owing to said Plaintiff Funds. The amount of interest owed by the Defendant will necessarily increase during the pendency of this action.

36. The CBA and 29 U.S.C. § 1132(g)(2)(C) provide that the Plaintiff Funds are also entitled to recover liquidated damages equal to 10% of delinquent contributions. As a result, the Defendant is liable to the Plaintiff Funds in a yet to be determined amount as and for liquidated damages owed upon the delinquent contributions due and owing to the Plaintiff Funds for the work months of March 2020 through November 2020. The amount of liquidated damages owed by Defendant will necessarily increase during the pendency of this action.

37. The Plaintiffs have incurred and continue to incur attorneys' fees and other costs in efforts to collect the delinquent contributions that the Defendant owes. The CBA and Trust Agreements

provide that the Plaintiffs are entitled to recover such attorneys' fees and other costs. The Plaintiff Funds are also entitled to recover such attorneys' fees and other costs under 29 U.S.C. § 1132(g)(2)(D). As such, Plaintiffs are entitled to recover from the Defendant the attorneys' fees and other costs that Plaintiffs have incurred or will incur in efforts to collect the delinquent contributions that the Defendant owes to the Plaintiffs, including, but not limited to, the attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiffs pray that the Court enter an Order:

(1)  Finding that the Defendant is liable to the Plaintiffs for delinquent dues and fringe benefit contributions due and owing pursuant to the CBA and Trust Agreements;

(2)  Finding that the Defendant is liable to the Plaintiffs for delinquent dues and fringe benefit contributions due upon the hours of covered work performed during March 2020 to the present, and for liquidated damages and accrued interest on the unpaid dues and contributions for the hours of covered work performed during March 2020 to the present;

(3)  Requiring Defendant to permit a qualified, certified public accountant, selected by the Plaintiffs, to audit the Defendant's books and records at Defendant's expense to determine other contributions, liquidated damages, and interest that may be due and owing the Plaintiff Funds pursuant to the Collective Bargaining Agreement, including those for the unreported hours of covered work performed since June 2020;

(4)  Allowing the Plaintiffs to apply for an award against the Defendant pursuant to the CBA and Trust Agreements, which would include:

(a)  at least six thousand, two hundred dollars and twenty eight cents ($6,200.28) for the delinquent dues contributions due upon the hours of covered work performed during May 2020 to November 2020, plus an additional amount as determined by the audit for the additional delinquent contribution that become due and owing during the pendency of this action;

(b) a yet to be determined amount for liquidated damages due upon the delinquent contributions described above, plus an additional amount as determined by the audit due upon the additional delinquent contribution that become due and owing during the pendency of this action;

(c) a yet to be determined amount for the interest accrued upon the delinquent dues and contributions described above, as well as interest that accrues during the pendency of this action; and

(d) Plaintiffs' costs of this action attributable to the collection of the Defendant's delinquent dues and contributions, including Plaintiffs' reasonable attorneys' fees.

(5) Granting the Plaintiffs such other relief that the Court may deem just and proper, including additional interest that accrues during the pending of this action.

Respectfully submitted:

**Blake & Uhlig, P.A.**
753 State Ave., Suite 475
Kansas City, Kansas 66101
(913) 321-8884 - Phone
(913) 321-2396 – Fax

By: /s/ Frederick Zarate
Frederick Zarate
NE Bar No. 26680

**ATTORNEYS FOR THE PLAINTIFFS**